FILED
FEB 21 2023
Scott G. Weber, Clerk, Clark Co
11:35

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| SANDRA RITENBURGH,<br><br>                Plaintiff,<br><br>vs.<br><br>VANCOUVER POLICE DEPARTMENT; CITY OF VANCOUVER; PAUL WHALEN, individually and in his official capacity acting under the color of state law; JAKE CARLOW, individually and in his official capacity acting under the color of state law; and JOHN and JANE DOES 1-20, individually and in their official capacities acting under the color of state law,<br><br>                Defendants. | No. 23 2 00450 06<br><br>COMPLAINT |

I.     STATEMENT OF THE CASE

1.     This is a civil action seeking monetary damages and other appropriate relief against Defendants for committing acts, each individually and alone and together and in concert, under color of state law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States; for conspiring to cause such deprivation with the

COMPLAINT - 1

Sandra Ritenburgh
PO Box 2134
Woodland, WA 98674

1  intent to deny Plaintiff the protection of the Constitution and laws; and for refusing or failing
2  to prevent such deprivations.

3      2.    Defendants Whalen and Carlow encountered Joe Bielas, a white man, alleging
4  that Plaintiff, who he described as a "Black female," had assaulted him. Despite clear
5  evidence suggesting that Plaintiff was the victim, Defendants accepted and gave credibility to
6  every claim made by Joe Bielas, no matter how outlandish or inconsistent with the evidence.
7  Defendants repeatedly discounted, ignored, and explained away numerous pieces of objective
8  evidence suggesting that Plaintiff was the victim of domestic violence, and placed Plaintiff
9  under arrest without probable cause, handcuffing her and placing her in the back of a police
10 vehicle before allowing her a chance to speak. Defendants' actions were racially motivated
11 and resulted in significant mental and physical harm to Plaintiff as well as violation of her
12 civil rights.

13     3.    On December 19, 2020, Joe Bielas assaulted Plaintiff Sandra Ritenburgh, causing
14 her numerous and severe injuries including a stab wound to her jaw and her thigh. Ms.
15 Ritenburgh called 911 for assistance and escaped to a nearby restaurant. Defendants Paul
16 Whalen and Jake Carlow were dispatched to Joe Bielas's residence to respond to Ms.
17 Ritenburgh's 911 call.

18     4.    Joe Bielas falsely claimed that Ms. Ritenburgh, who he described as a "[B]lack
19 female," had assaulted him. During the interview, Defendant Whalen read text messages
20 between Ms. Ritenburgh and Joe Bielas in which Ms. Ritenburgh asked Mr. Bielas why he
21 had assaulted her. Defendant Whalen had also been informed that Ms. Ritenburgh was the
22 person who had called 911. The weight of the evidence clearly pointed to Mr. Bielas as the
23
24

COMPLAINT - 2

Sandra Ritenburgh
PO Box 2134
Woodland, WA 98674

aggressor; Defendants Whalen and Carlow, however, began attempts to locate Ms. Ritenburgh for arrest without interviewing her first.

5. By the time Defendants Whalen and Carlow made contact with Ms. Ritenburgh at a nearby restaurant, her white pants were soaked in blood from a stab wound on her thigh, and her jaw had an open stab wound and was so severely swollen that she was struggling to open her mouth to speak. Despite Ms. Ritenburgh's severe and obvious injuries, and the comparatively minor injuries to Joe Bielas, Defendant Whalen immediately arrested Ms. Ritenburgh. Defendant Whalen repeatedly silenced Ms. Ritenburgh as she tried to explain she was the victim of domestic violence. According to Defendant Whalen's own police report, Defendant Whalen only allowed Ms. Ritenburgh an opportunity to speak about happened after she was handcuffed, sitting in the back of his police car, and read her Miranda rights.

6. Sandra Ritenburgh requested to go to PeaceHealth Southwest Medical Center before transportation to Clark County Jail. While in the hospital, several medical staff expressed to Defendant Whalen that Ms. Ritenburgh was obviously a victim of domestic violence. Defendant Whalen responded, in sum and substance, "she is just being dramatic," "she is exaggerating," and "you should have seen him." Defendant Whalen knew or should have known these statements to be false yet repeatedly defamed Ms. Ritenburgh resulting in denial of appropriate medical care.

7. Ms. Ritenburgh was transported to Clark County Jail without several required medications, including Durezol drops for a recent eye surgery and Pradaxa for a serious heart condition. Ms. Ritenburgh was detained for approximately two days, during which she suffered significant mental and physical harm. Within two hours of being released from jail,

COMPLAINT - 3

Sandra Ritenburgh
PO Box 2134
Woodland, WA 98674

Ms. Ritenburgh went into severe atrial fibrillation, and had to be transported to a hospital via ambulance.

8. On December 22, 2020, Sandra Ritenburgh was exonerated of all charges. In March of 2021, Joe Bielas was arrested and charged with the assault of Sandra Ritenburgh. The story Joe Bielas told to Defendants Whalen and Carlow was later found by detectives to be "unreliable," "suspect," and "inconsistent" with Ms. Ritenburgh's injuries. In January 2021, Ms. Ritenburgh filed a complaint with the Vancouver Police Department. In October 2022, the Vancouver Police Department informed her that one of the allegations of misconduct against Defendant Whalen was "founded" while the other allegations were "unfounded."

9. Defendants engaged in the racially motivated wrongful arrest and imprisonment of Plaintiff, defamation of Plaintiff, and denial of medical care, and intentionally subjected Plaintiff to unnecessary pain and suffering despite the clear evidence that she was the victim of domestic violence.

## II.   PARTIES

**A.  Plaintiff**

10. Plaintiff SANDRA RITENBURGH is a resident of the State of Washington. Sandra Ritenburgh is a Black woman and suffers from multiple disabilities, many of which stem from this action.

**B.  Defendants**

11. Defendant VANCOUVER POLICE DEPARTMENT is a governmental entity of the City of Vancouver.

12. Defendant CITY OF VANCOUVER is a municipality duly incorporated under the law of the State of Washington.

13. Defendant PAUL WHALEN is a resident of the State of Washington and an employee of Vancouver Police Department. Defendant Whalen works as a law enforcement officer for Vancouver Police Department.

14. Defendant JAKE CARLOW is a resident of the State of Washington and an employee of Vancouver Police Department. Defendant Carlow works as a law enforcement officer for Vancouver Police Department.

15. Defendants JOHN and JANE DOES 1 – 20 (hereinafter "Defendants Doe") are employees and/or agents of Vancouver Police Department. Each Defendant Doe was within the scope of his/her/their employment at all times relevant hereto. It is believed most, if not all, of the Defendants Doe are residents of Washington. Defendants Doe's acts and omissions include the wrongful arrest and imprisonment of Plaintiff Sandra Ritenburgh; defamation; denial of required medical care; and failure to adequately and properly train and supervise the individually-named Defendants. Their identities are unknown at this time and will be named as discovery progresses.

16. Plaintiff is informed and believes, and thus alleges, that each of the above-named Defendants are responsible for the pattern and practice of events herein alleged, or are necessary parties for obtaining appropriate relief. In performing each of the acts alleged herein and below, each Defendant acted jointly or individually as agents for each other and for all other Defendants. The injuries and damages inflicted upon Plaintiff were caused by the acts and omissions of Defendants.

III. JURISDICTION AND VENUE

17. A substantial portion of the acts and omissions giving rise to this lawsuit occurred in Clark County, Washington.

18. Venue is proper in this Court pursuant Wash. Rev. Code § 4.12.020.

## IV. STATUTORY COMPLIANCE

19. On December 19, 2022, Plaintiff filed a claim for damages with the City of Vancouver, satisfying the prerequisites to the maintenance of this action per Wash. Rev. Code § 4.92.100. More than sixty days have elapsed since Plaintiff presented those claims with notice of intention to sue and Defendants have failed, refused, or neglected to pay them.

## V. STATEMENT OF FACTS

20. On December 19, 2020, Joe Bielas assaulted Plaintiff Sandra Ritenburgh by beating her and stabbing her in the jaw and thigh. Ms. Ritenburgh was eventually able to escape to her car, where she immediately called 911. Ms. Ritenburgh's phone died while speaking to the 911 operator, but she was able to repeat "Joe Bielas" to the operator before getting disconnected.

21. Ms. Ritenburgh drove to a nearby restaurant, Cascade Bar & Grill, and informed the staff of the assault and sought ice for her injuries.

22. According to police reports, law enforcement looked up the name "Joe Bielas" and were able to locate his residence. Defendants Paul Whalen and Jake Carlow were dispatched to Joe Bielas's residence to respond to Ms. Ritenburgh's 911 call.

23. Upon arrival, Joe Bielas made a false report against Ms. Ritenburgh, claiming she was the assailant and presented Defendants Whalen and Carlow with a small puncture wound on his arm and text messages between him and Ms. Ritenburgh. It is unclear whether the wound was self-inflicted or occurred during the incident.

24. Despite the fact that the text messages stated that Joe Bielas had attacked Ms. Ritenburgh, Defendants Whalen and Carlow agreed Ms. Ritenburgh was the assailant, and began attempts to locate her for arrest.

25. Upon confirming that Ms. Ritenburgh was at Cascade Bar & Grill, Defendant Carlow called the restaurant and informed staff that officers would be arriving shortly to arrest Ms. Ritenburgh.

26. Defendants Whalen and Carlow entered Cascade Bar & Grill and announced they were there to arrest Ms. Ritenburgh. Ms. Ritenburgh attempted to explain to Defendants Whalen and Carlow that she was the victim of domestic violence. Ms. Ritenburgh's white pants were visibly stained with blood and her jaw had become so swollen she was struggling to speak. Despite her severe and obvious injuries, Defendant Whalen arrested Ms. Ritenburgh and placed her in the back of his police vehicle. When Ms. Ritenburgh attempted to point out her severe injuries and explain she was the victim of domestic violence, Defendant Whalen interrupted her stating, "I don't care."

27. According to Defendant Whalen's own police report, he only allowed Ms. Ritenburgh an opportunity to speak about happened after she was handcuffed, sitting in the back of his police car, and read her Miranda rights.

28. According to their own documentation of events, Defendants arrested Ms. Ritenburgh without an arrest warrant or probable cause. In fact, at the time of arrest, there was clear objective evidence, well beyond probable cause, that Joe Bielas had in fact assaulted Ms. Ritenburgh.

29. Despite Ms. Ritenburgh's severely swollen face with a visible stab wound, her bloody pants clearly showing another stab wound on her thigh, text messages that stated Joe

COMPLAINT - 7

Sandra Ritenburgh
PO Box 2134
Woodland, WA 98674

Bielas had hit her, and the fact that Ms. Ritenburgh was the person who called the police, Defendant Whalen still concluded that Joe Bielas was the victim and charged Ms. Ritenburgh with Assautl-1 DV.

30. Due to her injuries, Ms. Ritenburgh requested she be taken to PeaceHealth Southwest Medical Center before transportation to Clark County Jail. While in the hospital, several medical staff expressed concerns to Defendant Whalen that Ms. Ritenburgh was obviously a victim of domestic violence, to which Defendant Whalen responded, in sum and substance "she is just being dramatic," "she is exaggerating," and "you should have seen him." Defendant Whalen knew that Joe Bielas's wounds were minimal compared to Ms. Ritenburgh's but continued to make false statements to medical staff who expressed concern about Ms. Ritenburgh's wrongful arrest.

31. Defendant Whalen's repeated interference with concerned medical staff resulted in the denial of appropriate medical care for Ms. Ritenburgh, whose complaints of pain and descriptions of injuries were repeatedly discredited by Defendant Whalen's assertions that she was exaggerating and false statements that Joe Bielas's injuries were even worse.

32. In addition to her numerous injuries, Ms. Ritenburgh required several important medications, including Durezol drops to treat swelling and pain for a recent eye surgery and Pradaxa for her serious heart condition. Given it was after 8:00 PM at night, PeaceHealth Southwest Medical Center did not have Durezol or Pradaxa on hand. Instead of waiting for the prescription order to be filled, Defendants made the decision to transport Ms. Ritenburgh to Clark County Jail without either required medication. Defendants' actions resulted in the continued denial of medical care for Ms. Ritenburgh.

33. Mr. Ritenburgh was detained for approximately two days, during which she suffered significant mental and physical harm. Within two hours of being released from jail, Ms. Ritenburgh went into severe atrial fibrillation and was transported to a hospital via ambulance.

34. On December 22, 2020, Ms. Ritenburgh was exonerated of all charges at request of the prosecuting attorney.

35. In March of 2021, Joe Bielas was arrested and charged with the assault of Ms. Ritenburgh. Detective Brown, who investigated the case, found that Joe Bielas's explanation of the incident on December 19, 2020—the same explanation provided to Defendants Whalen and Carlow—was "unreliable" and "suspect." In particular, Detective Brown found that "the injuries to [Ms. Ritenburgh] were inconsistent with Joe's offered explanation." Detective Brown viewed the text messages between Joe Bielas and Ms. Ritenburgh—the same text messages viewed by Defendant Whalen—as an explicit admission from Joe Bielas that he had hit Ms. Ritenburgh.

36. In January of 2021, Ms. Ritenburgh filed a complaint with the Vancouver Police Department.

37. In October of 2022, the Vancouver Police Department sent a letter to Ms. Ritenburgh stating that one allegation of misconduct against Defendant Whalen was "founded" while the other allegations were "unfounded."

38. On December 19, 2022, Ms. Ritenburgh filed a claim for damages with the City of Vancouver.

VI.   CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION – 42 U.S.C. § 1983; FALSE IMPRISONMENT**
**Against Defendants Whalen and Carlow**

39. Plaintiff hereby incorporates all prior allegations by reference.

40. Defendants, individually and/or through their agents, violated Plaintiff's civil rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by falsely imprisoning her.

41. As a result of Defendants' violation of Plaintiff's civil rights, Plaintiff has sustained loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

**SECOND CAUSE OF ACTION – 42 U.S.C. § 1983; FALSE ARREST**
**Against Defendants Whalen and Carlow**

42. Plaintiff hereby incorporates all prior allegations by reference.

43. Defendants, individually and/or through their agents, engaged in tortious conduct and violated Plaintiff's civil rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by falsely arresting her.

44. As a result of Defendants' violation of Plaintiff's civil rights, Plaintiff has sustained loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

**THIRD CAUSE OF ACTION – 42 U.S.C. § 1988; CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS**
**Against All Individually-Named Defendants**

45. Plaintiff hereby incorporates all prior allegations by reference.

46. Defendants acting in their individual capacities and under color of state law, conspired together and with others, and reached a mutual understanding to engage in a course of conduct and otherwise conspired among and between themselves, to deprive Plaintiff of

COMPLAINT - 10

her constitutional rights, including her rights to be free from unreasonable arrest and seizure, and to due process of law. Defendants' conspiracies deprived Plaintiff of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. § 1983.

47. Defendants conspired to commit the overt acts set forth in the factual statements above. The overt acts included the wrongful arrest and imprisonment of Plaintiff Sandra Ritenburgh, defamation, and denial of medical care. The conspiracy was designed to prevent and punish Plaintiff for attempting to protect herself from Joe Bielas and assert she had been wrongfully arrested. Furthermore, the conspiracy was designed to protect the illegal actions of Defendants Whalen and Carlow.

48. Defendants' conspiracy resulted in violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

49. Defendants' conspiracy and overt acts were continuing in nature and caused Plaintiff constitutional deprivations, injuries, pain, suffering, mental anguish, humiliation, and loss of liberty and income.

50. Defendants shared the general conspiratorial objective, which was to cause the wrongful arrest and imprisonment of Plaintiff, deny her medical care, and to protect the racially motivated illegal actions of Defendants Whalen and Carlow.

51. The acts of Defendants were motivated by evil motive and intent, and involved a reckless and callous indifference to Plaintiff's federally protected rights.

**FOURTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Against All Defendants**

52. Plaintiff hereby incorporates all prior allegations by reference.

COMPLAINT - 11

53. Defendants owed a duty to Plaintiff to act as reasonable, prudent persons. This duty includes an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable law.

54. Defendants' conduct toward Plaintiff resulted in a breach of Defendants' duties to act in a careful, lawful, and prudent manner and in full compliance with applicable law.

55. Emotional distress was a field of danger that Defendants should have reasonably anticipated and guarded against.

56. At all times relevant herein, Vancouver Police Department was the employer of all individually-named Defendants. At all times relevant herein, all individually-named Defendants were acting within the course and scope of their employment. Vancouver Police Department is liable for the negligence of the individually-named Defendants.

57. As a direct and proximate result of Defendants' conduct, Plaintiff suffered legally compensable emotional distress damages, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Against All Defendants**

58. Plaintiff hereby incorporates all prior allegations by reference.

59. Defendants' conduct toward Plaintiff was extreme and outrageous. Defendants intentionally caused Plaintiff emotional distress by falsely arresting and imprisoning Plaintiff, and denying Plaintiff required medical care by defaming Plaintiff and providing false information to protect the racially motivated illegal actions of Defendants Whalen and Carlow.

60. At all times relevant herein, Vancouver Police Department was the employer of all individually-named Defendants. At all times relevant herein, all individually-named Defendants were acting within the course and scope of their employment. Vancouver Police Department is liable for the negligence of the individually-named Defendants.

61. As a direct and proximate result of Defendants' conduct, Plaintiff suffered legally compensable emotional distress damages.

### SIXTH CAUSE OF ACTION – NEGLIGENCE
### Against All Defendants

62. Plaintiff hereby incorporates all prior allegations by reference.

63. At all times relevant herein, Vancouver Police Department was the employer of all individually-named Defendants. At all times relevant herein, all individually-named Defendants were acting within the scope of their employment. Vancouver Police Department is liable for the negligence of the individually-named Defendants.

64. Defendants, as law enforcement agents of Vancouver Police Department, possessed a duty to act as reasonable law enforcement officers under these circumstances.

65. Defendants were acting as law enforcement agents and agents of Vancouver Police Department when they committed the acts detailed in this Complaint.

66. Defendants breached their duty to act as reasonable law enforcement officers by failing, neglecting and/or refusing to properly and fully discharge their responsibilities.

67. As a proximate cause of Defendants' breach of their duty to act as reasonable law enforcement officers, Plaintiff and her family have suffered harm, entitling Plaintiff to damages in an amount to be proven at trial, including, but not limited to, loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION – NEGLIGENT SUPERVISION AND TRAINING
### Against Vancouver Police Department and City of Vancouver

68. Plaintiff hereby incorporates all prior allegations by reference.

69. Defendant Vancouver Police Department was responsible for training and supervising the individually-named Defendants and possessed a duty to adequately train and supervise individually-named Defendants.

70. Despite the fact that Vancouver Police Department knew or should have known that the individually-named Defendants were engaged in the unlawful and outrageous conduct alleged herein, Defendant Vancouver Police Department failed to take reasonable actions to prevent the individually-named Defendants from engaging in such conduct.

71. Defendant Vancouver Police Department acted negligently by failing to adequately and properly train and supervise the individually-named Defendants with respect to the discharge of their responsibilities and duties.

72. By the actions alleged herein, Defendant Vancouver Police Department breached its duty to adequately and properly train and supervise the individually-named Defendants, and to ensure that these Defendants were not engaging in conduct that posed a risk to and harmed others.

73. As a direct and proximate cause of Defendant Vancouver Police Department's breach of its duty to adequately and properly train and supervise the individually-named Defendants, Plaintiff and her family have suffered harm, entitling Plaintiff to damages in an amount to be proven at trial, including, but not limited to, loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION – DEFAMATION

**Against Defendants Whalen and Carlow**

74. Plaintiff hereby incorporates all prior allegations by reference.

75. Defendants Whalen and Carlow knew or should have known that the information contained within their reports and provided to medical staff at PeaceHealth Southwest Medical Center was incorrect, false, without corroboration, and that such information including the arrest of Plaintiff would cause harm to her reputation and prevent her from receiving necessary medical care.

76. Defendants Whalen and Carlow falsely reported that Plaintiff had committed a felony crime.

77. Plaintiff suffered damages as a result of the libel and slander committed by Defendants Whalen and Carlow.

**NINTH CAUSE OF ACTION - 42 U.S.C. § 1983; CRUEL AND UNUSUAL PUNISHMENT AND DENIAL, DELAY, AND WITHOLDING OF MEDICAL CARE
Against All Defendants**

78. Plaintiff hereby incorporates all prior allegations by reference.

79. Defendants, individually and/or through their agents, violated Plaintiff's civil rights under the Fourteenth Amendment and Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983 by denying, delaying, and withholding medical care for her serious medical needs while in police custody.

80. As a result of Defendants' violation of Plaintiff's civil rights, Plaintiff has sustained loss of income, loss of liberty, shock, extreme emotional distress, anxiety, and humiliation, all of which has resulted in general damages for pain and suffering in an amount to be proven at trial.

VII.   **JURY DEMAND**

Plaintiff hereby demands a jury of her peers.

## VIII. PRAYER FOR RELIEF

Damages have been suffered by Plaintiff and to the extent any state law limitations on such damages are purposed to exist, they are inconsistent with the compensatory, remedial, and/or punitive purposes of 42 U.S.C. § 1983, and therefore any such alleged state law limitations must be disregarded in favor of permitting an award of the damages prayed for herein.

WHEREFORE, Plaintiff requests a judgment against all Defendants;

(a)   An appropriate remedy and award of general, special, and punitive damages, including damages for pain, suffering, terror, loss of consortium, and loss of familial relations, and loss of society and companionship under Washington State law and pursuant to 42 U.S.C. §§ 1983 and 1988, in an amount to be proven at trial.

(b)   Awarding reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, or as otherwise available under the law;

(c)   Declaring Defendants jointly and severally liable;

(d)   Awarding compensatory damages for Plaintiff's personal properties that Defendants lost or destroyed;

(e)   Awarding any and all applicable interest on the judgment; and

(f)   Awarding such other and further relief as the Court deems just and proper.

DATED this 21st day of February 2023.

SANDRA RITENBURGH

*Sandra Ritenburgh*
Sandra Ritenburgh
Plaintiff